UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SILVER ONE INTERNATIONAL, INC.,

                           **Plaintiff,**

    -against-

GIBSON OVERSEAS INC., WAL-MART STORES, INC. AND DOES 1-10,

                          **Defendants.**

Case No. 15-CV-8542

**COMPLAINT**

ECF Case

Plaintiff, by its attorneys, for its Complaint against the defendants, alleges:

## BACKGROUND

### Complaint for Copyright Infringement and Unfair Competition

Plaintiff, Silver One International, Inc. ("Plaintiff"), by and through its undersigned attorneys, for its complaint against Gibson Overseas Inc., Wal-Mart Stores, Inc. and Does 1-10 ("Defendant"), alleges as set forth below:

### NATURE OF THE CLAIM, JURISDICTION AND VENUE

1. This is an action for copyright infringement under the United States Copyright Act, 17 U.S.C.§§ 101 etc., federal unfair competition claims under 15 USC § 1125(a) (§ 43(a) of the Lanham Act, unjust enrichment, and for unfair competition and unlawful deceptive acts and practices under the laws of the State of New York.

2. This Court has subject matter jurisdiction pursuant to 15 USC § 1121 (actions arising under the Lanham Act), 28 USC § 1331 (actions arising under the laws of the United States), 28 USC § 1338(a) (acts of Congress relating to copyrights and trademarks), 28 U.S.C.

§1367 (supplemental jurisdiction over state law claims) and 28 USC § 1338(b) (civil actions asserting a claim of unfair competition).

3. On information and belief, Defendants have conducted acts of infringement and unfair competition in this District.

4. Venue is proper in this District pursuant to 28 USC § 1391. On information and belief, Defendants are subject to personal jurisdiction in this District and the acts complained of herein take place within this District.

## PARTIES

5. Silver One International, Inc. is a corporation organized under the laws of the State of New York with its principal place of business at 1370 Broadway, 6th Floor, New York, New York 10018.

6. On information and belief, Gibson Overseas Inc. is a corporation organized under the laws of the State of California having its principal place of business at 2410 Yates Avenue, Commerce, California 90040.

7. On information and belief, Wal-Mart Stores, Inc. is a corporation organized under the laws of Delaware and authorized to do business in the State of New York having its principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716-8611 and a retail department store for sales in this State, including at 77 Green Acres Road, Valley Stream, New York 11581.

## FACTS COMMON TO ALL COUNTS

8. Plaintiff designs, manufactures, imports and distributes housewares, home décor and related accessories.

9. For more than 5 years Plaintiff has been distributing its products to industry leaders such as Target, Kohls, Nordstrom and other established retailers.

10. Plaintiff expends considerable resources both financially and otherwise to distinguish its products in the marketplace by, among other methods, federally registering its original artwork and fabric patterns and federally registering its distinctive trademarks.

11. Plaintiff's retail buyers and the ultimate end user have come to recognize the source and quality of goods originating from Plaintiff as a result of, among other things, familiarity with Plaintiff's distinctive and original artwork and product designs.

12. Plaintiff is the owner of, among many others, its "Animal Print Series design," represented in copyright registration numbers VA0001-974-479 (the "Silver One Designs"). Exhibit A shows the Silver One Designs.

13. Plaintiff routinely copyrights its artwork to ensure exclusive distribution of products incorporating such Silver One Designs.

14. Without Plaintiff's authorization, Defendants sell, are selling or have sold, distribute or have distributed, and advertise or have advertised for sale products which conspicuously incorporate the Silver One Designs under the item name "Gibson Home Journey Safari 10 oz. Travel Mugs with Lids" (the "Gibson Infringing Products"). **Exhibit B shows the Gibson Infringing Products on display and product purchased at retail.**

15. Specifically, upon information and belief, Defendant Gibson sold the Gibson Infringing Products through their own retail channels and/or as the supplier to defendant Wal-Mart of the Gibson Infringing Products sold by Wal-Mart at retail.

16. By letter dated January 5, 2015, Plaintiff advised Defendant Gibson of its ownership of the Silver One Designs and demanded that Defendant cease and desist from all such infringing activity and, upon information and belief, had not stopped its sales and/or offer for sale and/or distribution of the Gibson Infringing Products when requested. Such infringement is willful, knowing and in complete disregard and indifference to Plaintiff's exclusive rights in and to the Silver One Designs.

17. By letter dated July 15, 2014. Plaintiff advised Defendant Wal-Mart of its ownership of the Silver One Designs and demanded that Defendant cease and desist from all such infringing activity. Any infringement thereafter, and any continuing infringement is willful, knowing and in complete disregard and indifference to Plaintiff's exclusive rights in and to the Silver One Designs.

## COUNT ONE

## COPYRIGHT INFRINGEMENT

18. Plaintiff repeats and realleges the preceding Paragraphs of this Complaint as if fully set forth herein.

19. Defendants have sold, distributed and advertised, and are selling, distributing and advertising products incorporating the Silver One Designs, in violation of 17 USC §101, et seq. resulting in harm including, but not limited to, damages to Plaintiff's profits, sales, and business.

20. As a direct and proximate result of Defendants' infringement of the Silver One Designs, in violation of 17 USC §501, Plaintiff has suffered, and continues to suffer, damages to its profits, sales, and business.

21. Each unauthorized reproduction and distribution to the public of any Gibson Infringing Product constitutes an individual act of infringement of Plaintiff's exclusive rights under 17 U.S.C. §101, et. seq.

22. Each unauthorized reproduction and distribution of the Gibson Infringing Products is a willful and knowing violation of Plaintiff's exclusive rights to the Silver One Designs.

23. Plaintiff has suffered both money damages and irreparable harm as a result of each of Defendants' acts of infringement.

24. As a result of Defendants' infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to monetary relief pursuant to 17 U.S.C. §501, which may include Plaintiff's damages caused by the Defendants' and the Defendants' profits and/or statutory damages, and to Plaintiff's attorney fees and costs pursuant to 17 U.S.C. §505.

25. Defendants' conduct has caused, is causing and, unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyrights and ordering that Defendant destroy all copies of the Gibson Infringing Products made in violation of Plaintiff's copyrights.

## COUNT TWO

### UNFAIR COMPETITION AND FALSE DESIGNATIONS OF ORIGIN

26. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs above as though fully set forth herein.

27. The Gibson Infringing Products are of the same general nature and type as Plaintiff's goods, and, as such, Defendants' sale of the Gibson Infringing Products is likely to cause confusion to the general purchasing public.

28. Defendants' use of the Silver One Designs to sell and advertise for sale the Gibson Infringing Products is likely to erroneously lead consumers and potential consumers to believe that the Gibson Infringing Products originate from Plaintiff.

29. Defendants' unlawful, unauthorized and unlicensed manufacturing, advertising, distributing, offering for sale and/or selling of the Gibson Infringing Products creates express and implied misrepresentations that the Gibson Infringing Products were created, authorized or approved by Plaintiff, all to Defendants' profit and Plaintiff's great damage and injury.

30. Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), in that Defendants use of the Silver One Designs in connection with Defendants' goods and services, in interstate commerce, constitutes false designation of origin and unfair competition.

## COUNT THREE

## UNLAWFUL DECEPTIVE ACTS AND PRACTICES

### (New York General Business Law §349)

31. Plaintiff repeats and realleges the preceding Paragraphs of this Complaint as if fully set forth herein.

32. The Gibson Infringing Products are of the same general nature and type as Plaintiff's goods.

33.	New York Gen. Bus. Law §349 declares unlawful "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any services in this State." Gen. Bus. Law §349(g) provides that §349 "shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state."

34.	Defendants' use of the Silver One Designs, or copies or simulations thereof is likely to cause, is intended to, does and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Gibson Infringing Products, and is likely to deceive the public into believing the Gibson Infringing Products being sold by Defendants originate from, are associated with, or are otherwise authorized by Plaintiff.

35.	Defendants' deceptive acts and practices involve public sales activities of a recurring nature.

36.	Plaintiff has no adequately remedy at law, and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

37.	As a direct result of Defendants' unlawful conduct, Plaintiff is entitled to recover actual damages or damages under the statute, whichever is greater.

38.	As a direct result of Defendants' knowing and willful violations of Plaintiff's exclusive rights in and to the Silver One Designs in a manner intended to benefit financially and otherwise only Defendant, Plaintiff is also entitled to recover up to treble damages and attorney's fees.

## COUNT FOUR

## UNFAIR COMPETITION UNDER NEW YORK STATE LAW

39. Plaintiff repeats and realleges the preceding Paragraphs of this Complaint as if fully set forth herein.

40. The Gibson Infringing Products are of the same general nature and type as Plaintiff's goods.

41. By commercially exploiting Plaintiff's Silver One Designs without authorization, Defendants sought and seek to compete directly and unfairly with Plaintiff and, further, take advantage of and undermine Plaintiff's substantial creative and financial investment in the Silver One Designs and Plaintiff's efforts and labor.

42. Defendants are willfully, wantonly and unfairly exploiting the Silver One Designs for Defendants' own commercial benefit and in bad faith.

43. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages in such amounts as will be proven at trial, as well as punitive damages.

44. Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot be fully compensated or measured in monetary damages. Plaintiff has no adequate remedy at law and is entitled to injunctive relief prohibiting Defendants from further violating Plaintiff's rights.

## COUNT FIVE

### UNJUST ENRICHMENT

45. Plaintiff repeats and realleges the preceding Paragraphs of this Complaint as if fully set forth herein.


46. By engaging in the conduct described in this Complaint, Defendants have knowingly obtained benefits from Plaintiff under circumstances that make it inequitable and unjust for Defendants to retain them.

47. Defendants have received a benefit from Plaintiff and Defendants have received and retained money from third parties as a result of the selling, advertising for sale and/or other distribution of Gibson Infringing Products, which, without Plaintiff's authorization or consent, incorporate the copyrighted Silver One Designs.

48. Plaintiff did not expect that Defendants would seek to gain commercial advantage from third parties by using and/or exploiting the Silver One Designs with Plaintiff's consent.

49. Defendants knowingly used Plaintiff's Silver One Designs without Plaintiff's knowledge or consent to gain commercial advantage from third parties. If Plaintiff had known Defendants were misappropriating the Silver One Designs, Plaintiff would not have consented and Defendants would not have gained commercial advantage from third parties.

50. Defendants will be unjustly enriched if Defendants are permitted to retain the money paid to them by third parties, or otherwise resulting from the commercial advantage Defendants gained as a result of the unlawful conduct described in this Complaint.

51. Defendants should be required to provide restitution of all money obtained from its unlawful conduct.

52. Plaintiff is entitled to an award of compensatory and punitive damages in an amount to be determined at trial upon the wrongful revenues and/or profits obtained by and benefits conferred upon Defendants as a result of the wrongful actions alleged in this Complaint.

53.    Plaintiff has no remedy at law to prevent Defendants from continuing the inequitable conduct alleged in this Complaint and the continued unjust retention of the money Defendants received for the wrong actions alleged in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment and relief against Defendants and respectfully requests that this Court:

A. Enter judgment for Plaintiff on all Counts of the Complaint;

B. Find that Defendants willfully and with prior knowledge committed the unlawful acts described in the Complaint;

C. Temporarily, preliminarily, and permanently enjoin, restrain, and forbid Defendants, and all of Defendants' principals, servants, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, and assignees and all others acting in privity, concert, or participation with Defendants, from:

(i)   imitating, copying, duplicating or otherwise making any use of the Silver One Designs;

(ii)  assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in sub-paragraph (i) above;

(iii) otherwise competing unfairly with Plaintiff in any manner.

D. Require Defendants to forthwith deliver up for destruction its entire inventory of the Gibson Infringing Products and any advertising or promotional materials referencing, referring to, associated with or otherwise having anything to do with products that do or may incorporate the Silver One Designs or a confusingly similar replica thereof;

E. Enter an order requiring Defendants and all of their principals, servants, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, assignees and all others acting in privity, concert or participation with Defendants, who receive actual notice of said order, to deliver up all goods and products, signs, articles, items and promotional, advertising and any other printed materials of any kind bearing or otherwise referring or making reference to any of the Gibson Infringing Products and/or the Silver One Designs to the Court for destructions.

F. Order Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner in which Defendants have complied with paragraphs C, D and E, *supra*.

G. Order Defendants to account for and pay over to Plaintiff statutory damages and/or profits realized by Defendants by reason of Defendants' willful and knowingly unlawful acts herein alleged, and, that the amount of damages, be increased by a sum not exceeding three times the amount thereof as provided by law.

H. Award Plaintiff in excess of $250,000, including, but not limited to, (1) statutory fees; (2) the Defendants' profits, (3) any damages sustained by the Plaintiff, (4) reasonable attorneys' fees; and (5) the costs of the action plus interest as a result of Defendants' infringements, unfair competition, deceptive trade practices and unjust enrichment.

I. Award of plaintiff's costs in this action, including reasonable attorneys' fees and expenses.

J. Award such other and additional relief, at law or equity, as may be warranted by the facts and the law.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all claims properly heard by a jury.

Dated:      New York, New York
            October 30, 2015

                                            Jeffrey Dweck (JD 6658)
                                            The Law Firm of Jeffrey S. Dweck, P.C.
                                            43 West 33rd Street, Suite 304
                                            New York, New York 10001
                                            (212) 967-0500
                                            Attorneys for Plaintiff

Exhibit A

**Silver One International, Inc. Copyright**

## Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**
**VA 1-974-479**
**Effective Date of Registration:**
January 02, 2015

### Title

Title of Work: Set of 4 Ceramic Animal Print Eco Cups

### Completion/Publication

Year of Completion: 2011
Date of 1st Publication: July 07, 2011
Nation of 1st Publication: United States

### Author

- Author: Silver One International, Inc.
  Author Created: 2-D artwork
  Work made for hire: Yes
  Domiciled in: United States

### Copyright Claimant

Copyright Claimant: Silver One International
1370 Broadway, Suite 613, New York, NY 10018, United States

### Rights and Permissions

Organization Name: Silver One International, Inc.
Name: Sylvia (Tzippora) Schachner
Email: tzippora@silveroneintl.com
Telephone: (212)719-1818
Address: 1370 Broadway
Suite 613
New York, NY 10018 United States

### Certification

Name: Jack Ezon
Date: January 02, 2015

Page 1 of 2





Exhibit B

**<u>Gibson Infringing Product at Wal-Mart</u>**

